Lem Davis v. The State.

No. 3865. Decided December 15, 1915.

Assault—Sufficiency of the Evidence.

Where, upon trial of assault, the evidence was sufficient to sustain a conviction, there was no reversible error.

Appeal from the County Court of Panola. Tried below before the Hon. George Harkrider.

Appeal from a conviction of simple assault; penalty, a fine of $5.

The opinion states the case.

*J. G. Woolworth* and *R. W. Priest,* for appellant.—On question of the insufficiency of the evidence: Jernigan v. State, 6 Texas Crim. App., 465; Berry v. State, 30 id., 423; Cox v. State, 44 S. W. Rep., 157.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of an assault and fined $5, from which judgment he prosecutes this appeal.

There is one assignment of error, and that is the evidence is insufficient to support the verdict, and the court should have instructed the jury to acquit. Of course if the jury had believed the testimony of appellant and his witnesses there was no assault. But the State's witness testified: "My name is Floyd Holland. I live in Carthage. I was at the house of Stella Fletcher on the night of the 5th of August, this year, and was sitting on the front gallery of the house. Soon after I went to Stella's house, Stella asked Preacher Anderson to go with Minnie Bowman to get a bucket of water; they both left the house and in a few minutes both came running back and left Stella's house. Immediately after that the defendant came running from around the house, and that just as the defendant started to get on the gallery he said, 'God damn you, I will kill you.' The defendant ran across the gallery and got hold of me, and we scuffled on the gallery for quite a while, and he tore my shirt nearly off, and I jerked from him, jumped off the gallery and ran, and the defendant ran after me. As I jerked loose I got cut here on my finger." If the jury believed this testimony, and evidently they did do so, it supports the verdict. The trial court must have also accepted it as true, or he would have granted a new trial, and we, at this distance, can not say the State's witness is unworthy of belief.

The judgment is affirmed.

*Affirmed.*